In the Matter of the Arbitration between BOARD OF EDUCATION MALONE CENTRAL SCHOOL DISTRICT, Respondent, and MALONE CENTRAL TEACHERS ASSOCIATION, Appellant.

Third Department, July 29, 1976

*Bernard F. Ashe (Richard C. Heffern* of counsel), for appellant.

*Carey & LaRocque (Cornelius J. Carey* of counsel), for respondent.

GREENBLOTT, J. P.  The appellant Association is the duly certified representative for teachers in the Malone Central School District and has entered into collective bargaining agreements with the district. The contract in controversy was to expire on June 30, 1974; this contract contained a four-step grievance procedure culminating in binding arbitration upon the request of the association.

This controversy stems from the elimination by the board, on July 2, 1974, of staff positions of the dental hygiene program, after the proposed school budget was defeated by the voters. On July 10, 1974, the association filed a grievance challenging the elimination of these positions, and on August 26, 1974 made a formal demand for arbitration. On September 7, 1974 the district obtained a show cause order and a stay order contending that the matters in controversy are "not proper subjects of grievance in that the contract between the parties expired on June 30, 1974 and prior to the filing of such grievance, and further, that such items so complained of are not proper subjects for negotiation, but are, to the contrary, matters over which the petitioner has full jurisdiction and control, subject to the laws of the State of New York".

The trial court, relying on *Matter of Board of Educ. (Poughkeepsie Public School Teachers Assn.)* (75 Misc 2d 931, affd 44 AD2d 598), permanently stayed arbitration on the grounds that since the arbitration clause had expired with the contract, "a valid agreement was not made". (CPLR 7503, subd [b].)

Initially, we note that by virtue of having voluntarily bargained on the issue of staff size in the agreement. in question, the respondent made the question of whether the contractual provision prohibiting reductions in staff had been violated, arbitrable *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614), if the staff size and arbitration provisions remained in effect beyond June 30, 1974. The latter question, therefore, is controlling.

Had there been presented in this case nothing more than a

question of the enforceability of an arbitration provision contained in an expired contract, we would concur in the determination of Special Term on the authority of *Matter of Board of Educ. (Poughkeepsie Public School Teachers Assn.) (supra)*. However, subsequent to the decision and order at Special Term, an unfair practice charge relating to respondent's refusal to arbitrate the matter in dispute was brought against respondent by appellant before the Public Employment Relations Board (PERB) *(Matter of Board of Educ. of Malone Cent. School Dist.,* 8 PERB 3073). In its determination thereon, the PERB majority took note (p 3073) of a stipulation between the parties to the effect that both parties had " 'agreed that all items in the then current contract, which was due to expire on June 30, 1974, would remain the same, unless either party requested that a particular item be modified or amended' ", that neither party sought a modification or amendment of the staff maintenance or grievance-arbitration provisions, and that the only matter remaining unresolved during negotiations on a new contract was the subject of an economic package.

This factual finding of a duly authorized agency of this State having jurisdiction of the parties and of the matter in dispute is, in our view, prima facie evidence that both parties voluntarily intended to extend and did agree to extend and be bound by the staff maintenance and arbitration provisions contained in the otherwise expired contract. In *Matter of Acadia Co. (Edlitz)* (7 NY2d 348), the Court of Appeals found a valid written agreement to exist where the parties had orally agreed to extend a written contract containing an arbitration provision, taking the view that the parties' agreement to be bound by the written provisions of the old contract constituted sufficient compliance with statutory requirements. Although in the present case the old contract has not been agreed to be extended in its entirety, we see no reason why the principles of *Acadia* should not apply to those written provisions of the prior written contract to which the parties may have agreed to be bound. Indeed, given the fact that the relationship of the parties is bound to continue even in the absence of a final agreement and the importance of preserving harmony in that relationship, public policy demands that effect be given to those provisions which the parties by mutual agreement may have intended to apply in the governance of that relationship.

However, in view of the fact that this "evidence" was not

presented at Special Term, and other evidence may be presented (including perhaps, the actual terms of such subsequent contract as the parties may have in fact entered into) which tends to disprove the existence of an agreement to extend the arbitration and/or staff maintenance provisions of the old contract, it would not be appropriate for this court to make a determination on the merits. The matter must, therefore, be remanded to Special Term for the taking of further evidence on the question of whether the parties, prior to execution of a new contract, agreed to extend and be bound by the arbitration and/or staff maintenance provisions of the contract which expired on June 30, 1974. (Insofar as the order appealed from vacated the stay against filing of an improper practice charge, it is not challenged on appeal and may not be disturbed.)

The order should be modified, on the law and the facts, by vacating the first decretal paragraph thereof and remitting the matter to Special Term for further proceedings in accordance herewith, and, as so modified, affirmed, without costs.

SWEENEY, MAHONEY, HERLIHY and REYNOLDS, JJ., concur.

Order modified, on the law and the facts, by vacating the first decretal paragraph thereof and remitting the matter to Special Term for further proceedings in accordance herewith, and, as so modified, affirmed, without costs.