*570
 
 OPINION OF THE COURT
 

 Jones, J.
 

 The submission of the present dispute between the parties — as to the extent of the obligation of the school district to make payroll deductions to cover membership dues owed to the association — is both authorized by the Taylor Law and embraced within the scope of their arbitration agreement.
 

 The collective bargaining agreement between the association and the district contained two provisions which are pertinent for present purposes. Article IV, entitled "Professional Association Membership Dues Deductions” provides: "4.01 Teachers may in the first week of any month during a payroll period sign and deliver to the Board an assignment authorizing deduction of membership dues, in accordance with the form annexed to this Agreement as Appendix K.” The scope-of-arbitration provision is found in paragraph a of section 31.05 of which provides: "For purposes of arbitration a grievance between the parties signatory to this Agreement is defined as any controversy or dispute as to the meaning, interpretation or application of any provision of this Agreement.”
 

 Differences arose between the association and the district with respect to the obligation of the latter under section 4.01 to deduct and transmit association dues allegedly owed by teachers whose employment had been terminated. The parties proceeded through the prescribed grievance procedures. No resolution having thus been reached, the association served a demand for arbitration, whereupon the district promptly applied for a stay of arbitration under CPLR 7503 (subd [b]). Special Term granted the stay, the Appellate Division reversed, and the district has appealed as of right to our court (CPLR 5601, subd [a], par [ii]).
 

 Our consideration proceeds at two levels
 
 (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],
 
 42 NY2d 509, 513). First, we must determine whether the Taylor Law (Civil Service Law, art 14) authorizes arbitration of the subject matter of the association’s claim — payroll deduction of membership dues owed the association by the teachers. It is at this branch of our consideration that the district aims its heavy fire, contending that in this instance the association’s claim falls outside the permissible scope of arbitration.
 

 
 *571
 
 The district’s position is grounded in its assertion that to require it to make payroll deductions under the applicable section of this particular collective bargaining agreement would run afoul of the provisions of, or at least the policy expressed in, section 93-b of the General Municipal Law. Subdivision 1 of that section provides: "The fiscal or disbursing officer of every municipal corporation or other civil division or political subdivision of the state is hereby authorized to deduct from the wage or salary of any employee of such municipal corporation or civil division or political subdivision of the state such amount that such employee may specify in writing filed with such fiscal or disbursing officer for the payment of dues in a duly organized association or organization of civil service employees and to transmit the sum so deducted to the said association or organization. Any such written authorization may be withdrawn by such employee or member at any time by filing written notice of such withdrawal with the fiscal or disbursing officer.”
 

 The district points out that the payroll deduction authorization form, Appendix K, incorporated by reference in section 4.01 of the collective bargaining agreement between these parties provides that every such authorization "shall remain in full force and effect for all purposes and shall be continuous * * * until withdrawn by written notice between September 1 and September 15 of any given year”. It is argued that this stringent limitation on the right of withdrawal collides with the last sentence of subdivision 1 of section 93-b. The conclusion is then drawn that to seek enforcement of a payroll deduction section containing this offending restriction would be to violate the statute and the public policy it is said to manifest.
 

 We reject this contention. Initially we observe that arbitration is foreclosed only when it "contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility”; "[i]ncantations of 'public policy’ may not be advanced to overturn every arbitration award that impairs the flexibility of management of a school district”
 
 (Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,
 
 45 NY2d 898, 899). Arbitration of the present claim will in no way offend statute or policy. The statute expressly authorizes payroll deduction for association dues. To the suggestion that the statute may also be said to reflect a policy that teachers
 
 *572
 
 should have an unfettered right to withdraw payroll deductions at any time, whereas the present bargaining agreement restricts such withdrawal to the first 15 days of September in each year, there are two responses. The provision and any policy of the statute with respect to freedom of withdrawal are evidently for the benefit of the teachers and not the school district. In any event there could be no flouting of such policy in this instance inasmuch as no issue is raised as to the right of withdrawal or any restriction thereon. No teacher seeks or has been denied such right, nor does either the school district or the association seek to submit any question with respect thereto to arbitration. It would be immaterial to the present arbitration if it were to be assumed that the present restriction as to authorization withdrawal were to be deemed invalid.
 

 Accordingly we conclude that submission to arbitration of the subject matter of the association’s claim is authorized under the Taylor Law.
 

 We proceed then to the second level of consideration— whether such authority was exercised and whether the particular agreement to arbitrate extends to this dispute. The scope-of-arbitration provision in paragraph a of section 31.05 is very broad, embracing "any controversy or dispute as to the meaning, interpretation or application of any provision of this Agreement”. The association’s claim is predicated on the provisions of section 4.01 of that agreement. Thus, we conclude that "the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration”.
 
 (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],
 
 42 NY2d 509, 513,
 
 supra).
 

 Inasmuch as we conclude that the arbitration sought by the association should proceed, we refrain from addressing or even describing the substantive aspects of the particular dispute between the association and the district (CPLR 7501).
 

 For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Fuschberg concur with Judge Jones.
 

 Order affirmed.