■  BOARD OF EDUCATION OF THE MILLER PLACE UNION FREE SCHOOL DISTRICT, Appellant, v MILLER PLACE TEACHERS' ASSOCIATION Respondent.— In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated October 5, 1978, which denied the application. Judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. The grievant, Phyllis Coughlin, a probationary teacher employed by the petitioner, was notified during her final year of probationary service that she would not be recommended for tenure, whereupon the respondent, on her behalf, filed a grievance claiming that the foregoing constituted a violation of their collective bargaining agreement. The matter was not resolved and the respondent ultimately served a demand for arbitration specifying the nature of the dispute as follows: "Did the Board violate Article V, Section A, paragraphs 1, 2 and 4 [of the contract in effect between the parties] when it discharged [the grievant]?" Petitioner then brought this proceeding to stay arbitration. In our opinion, the demand for arbitration is insufficient. The demand merely specifies three paragraphs of section A of article 5 of the agreement as the foundation of the instant dispute without indicating how or in what manner any of these provisions may have been violated. Paragraph 1 contains five subdivisions, one of which contains three subparagraphs, and deals with teacher evaluation procedures, while paragraph 2 relates to the timeliness of notices of termination and paragraph 4 relates to disciplinary procedures. "The broadly worded notice of intention to arbitrate does not specify the nature of the alleged contract violation and, therefore, an intelligent disposition of the application to stay arbitration is not possible on this record" *(Matter of Oneonta City School Dist. [Oneonta Teachers Assn.],* 59 AD2d 797, 798; see, also, *Board of Educ. v Newfane Teachers Assn.,* 54 AD2d 1119). Accordingly, the order refusing to stay arbitration must be reversed and the matter remitted to Special Term, with leave to respondent to file an appropriate demand for arbitration. Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.