◼    In the Matter of the BOARD OF EDUCATION OF THE PEARL RIVER SCHOOL DISTRICT, Respondent, v PEARL RIVER TEACHERS ASSOCIATION et al., Appellants.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Rockland County, entered April 21, 1978, which (1) granted the petition and (2) denied a cross motion to dismiss the petition and compel arbitration. Judgment reversed, without costs or disbursements, and the matter is remitted to Special Term for a hearing and a

new determination on the motion and cross motion, in accordance herewith. Petitioner and appellants signed a collective bargaining agreement on November 12, 1974 which was to remain in effect until June 30, 1977. Article 31 (B) of the agreement, which provided limited job security, stated: "B. Notwithstanding any reduction in force, tenured teachers shall be entitled to continued employment for at least one year. If any of these teachers do not have seniority rights as established under (D) they will be either assigned as a substitute or be assigned outside their area of certification if necessary and provided a waiver is granted by the State Department of Education, and be required to take no less than six and no more than twelve credits per year. These teachers will receive full salary and fringe benefits as if they had not lost their original position. Every effort will be made to maintain tenured teachers in the district beyond one year within provisions of the law." The agreement also contained a grievance procedure which provided for arbitration of disputes. In June, 1977 appellants demanded arbitration essentially on the ground that teachers were being terminated in violation of article 31 (B). In an order dated January 27, 1978 Special Term, held that there was no actual controversy to arbitrate since no decision to terminate teachers had been made at the time the arbitration demand was served. Accordingly, it granted petitioner a stay of arbitration. On July 5, 1977, after the collective bargaining agreement had expired, petitioner excessed certain teachers. Appellants again sought arbitration by a demand dated October 12, 1977. Special Term again granted a stay. It is this stay which appellants seek to have vacated by this appeal. We hold that the stay was improperly granted and therefore reverse the judgment of Special Term. Although the terminations did not take effect until July 5, 1977 when the excessed teachers received written notices of termination, a question of fact is raised as to whether the decision to terminate was actually made before June 30, 1977. It is for the purpose of exploring this factual question alone that the judgment staying arbitration is reversed, and a new hearing ordered. We do not regard the order dated January 27, 1978 as *res judicata* and binding on the parties as to this factual issue. Although Special Term in that order granted petitioner's application for a stay of arbitration on the ground that the application was premature since no teacher had as yet been terminated, it did so merely on papers, without conducting a fact-finding hearing. If it cannot be established that the decision to terminate was made before June 30, 1977, the appellants will not be entitled to any relief. If the decision to terminate occurred after June 30, 1977, the appellants would, in effect, be seeking arbitration of a dispute which arose after the contract expired. Teachers terminated after expiration of the agreement cannot benefit from its job security provisions. While petitioner could not unilaterally alter the terms and conditions of employment after the contract expired (see *Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.*, 41 NY2d 753; cf. *Matter of Corbin v County of Suffolk*, 54 AD2d 698), this is not true for a permissive term of bargaining such as article 31 (B) (cf. *Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68; *Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.*, supra; *Matter of Board of Educ. v Yonkers Federation of Teachers*, 40 NY2d 268; *Matter of Burke v Bowen*, 40 NY2d 264; *Matter of Board of Educ., [Malone Cent. Teachers Assn.]*, 53 AD2d 417). Hopkins, J. P., Suozzi, Gulotta and Cohalan, JJ., concur.