SECOND DEPARTMENT, AUGUST, 1979

(August 6, 1979)

■ BOARD OF EDUCATION, MT. SINAI UNION FREE SCHOOL DISTRICT,

Appellant, v NEW YORK STATE UNITED TEACHERS et al., Respondents.—In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated January 2, 1979, which denied the application. Judgment reversed, on the law, without costs or disbursements, and application granted, without prejudice to the respondents' filing of a proper demand for arbitration. Grievant Mary Jane Hayes was hired by the petitioner, Board of Education, Mt. Sinai Union Free School District (Board), as a part-time probationary art teacher. She was notified by the district principal that he would recommend to the Board at its regularly scheduled January meeting that her probationary appointment be terminated. On January 24, 1978, it was determined that her employment was to be terminated. On January 25, 1978, respondent teachers association filed a grievance on behalf of Ms. Hayes. On February 1, 1978, the association proceeded to step 2 of the grievance procedure, submitting a "Statement of Grievance" alleging that sections 1, 2 and 3 of article 11 and sections 4 and 5 of article 12 of the contract had been violated. The nature of the grievance was in pertinent part set forth as follows: "The Association asserts that the administration has failed to uphold several provisions of the contract as listed above. The dismissal of Mary Jane Hayes has been executed without just cause in violation of above stated Article XII Section 5. The Association further asserts that several other articles, as listed above, were also violated in this case." The grievance not having been resolved, respondents filed a demand for arbitration, which added nothing to the statement of grievance, but merely incorporated that statement by reference. In our opinion, the demand for arbitration is insufficient. The mere listing of article and section number of a collective bargaining agreement, accompanied only by vague assertions of violations thereof, does not suffice to indicate how or in what manner these provisions are alleged to have been violated. Without such indication an intelligent disposition of the application to stay arbitration is not possible (see *Board of Educ. v Miller Place Teachers' Assn.*, 70 AD2d 944). Titone, J. P., Margett, Martuscello and Mangano, JJ., concur.