■ In the Matter of the Arbitration between FRANKLIN CENTRAL SCHOOL, Appellant, and FRANKLIN TEACHERS ASSOCIATION et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered November 1, 1978 in Delaware County, which denied petitioner's motion to stay arbitration. This is a proceeding pursuant to CPLR article 75 in which petitioner seeks an order staying arbitration of a grievance demanded by respondents. Respondent Ruth Laing had been a school nurse teacher employed by petitioner, but on May 18, 1977, the board of education abolished the position and created the new position of school nurse. The teachers association thereafter filed an improper practice charge with the Public Employment Relations Board complaining of petitioner's "unilateral elimination" of the school nurse teacher position and the "sub-contracting" of unit work performed by such teacher to a nonunit position. However, following a prehearing conference with a PERB hearing officer, the pending charge was settled, and pursuant thereto, the board of education passed a resolution which stated that "the [school nurse] position shall be a part of the teaching unit for the purpose of negotiations under the provisions of the Civil Service Law." The board set the salary for the new position at $3 per hour and appointed Laing to the position for a probationary term. Laing accepted the position, but in October, 1977, she filed a grievance which alleged that she "is a member of the bargaining unit and is being paid improperly", and in its demand for arbitration, the association requested that the arbitrator order the school to pay Laing "her correct salary as stated in the contract". The issue is whether the parties agreed to arbitrate

disputes concerning the position of school nurse. Where, as here, arbitration is authorized under the Taylor Law (Civil Service Law, art 14), inquiry then turns to whether the parties did in fact agree in express, direct and unequivocal terms to submit their differences to arbitration *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 511, 513). The arbitration clause herein defines a grievance, *inter alia,* as "any claimed violation, misinterpretation, misapplication or inequitable application of * * * this Agreement", and is therefore "very broad" *(Mineola Union Free School Dist. v Mineola Teachers Assn.,* 46 NY2d 568, 572; compare *Board of Educ. v New Paltz United Teachers,* 44 NY2d 890, 892, with *Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521, 525, 526). We reject petitioner's argument that the collective bargaining pertains only to teachers and not to the position of school nurse. Although the agreement does refer to teachers and makes no provisions for school nurses, the board of education agreed in connection with the settlement of the improper practice charge to treat the position of school nurse as part of the teaching unit for the purpose of negotiations. Petitioner argues, nevertheless, that the parties did not intend to arbitrate the contractual rights of a school nurse, but only to negotiate. However, since petitioner recognized the school nurse position as being part of the teaching bargaining unit, we agree with Special Term that the holder of that position acquired the right to arbitrate. We have examined the remaining points raised in petitioner's brief and find them unpersuasive. Accordingly, Special Term properly concluded that a valid agreement to arbitrate exists. Order affirmed, without costs. Mahoney, P. J., Greenblott, Mikoll and Herlihy, JJ., concur.

Main, J., dissents and votes to affirm in the following memorandum. Main, J. (dissenting). I respectfully dissent. The Court of Appeals has expressly held, in a case relied upon by the majority, that when a dispute arises in the field of public employment between a board of education and its employees, it must be assumed "in the absence of clear, unequivocal agreement to the contrary, that the board of education did *not* intend to refer differences which might arise to the arbitration forum" *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 514). Applying this standard in the present instance, I find there to be lacking from the record in this case the requisite evidence that the Franklin Central School District (district) agreed to confer upon the newly created school nurse position the arbitration rights embodied in the collective bargaining agreement negotiated between the district and the Franklin Teachers Association (association) long before the creation of the school nurse position and covering the period July 1, 1976 to June 30, 1979. On this question, it should initially be noted that such an agreement by the district would be most unlikely because it would effectively serve to give to an arbiter the authority to nullify the district's action aimed at reducing expenditures by the substitution of the lower-paying, nontenured, civil service school nurse position for the abolished instructional position of teacher nurse. Furthermore, while the district did consent to include the new position in the association's bargaining unit, surely this factor by itself is not sufficient to establish that position's entitlement to arbitration or any other rights under the subject contract. At most, the position's inclusion in the bargaining unit demonstrates that the association was to be the bargaining agent for the occupant of the position in his or her relationship and negotiations with the district, and that this was the actual intention of the parties involved is strongly supported by a letter of September 1, 1977 from

the district to Laing. In that letter, which Laing signed at the bottom to indicate her acceptance of the school nurse position, she was explicitly advised that she was to be paid at a rate of $3 per hour and that the position was to be a part of the bargaining unit "for the purpose of negotiation under the provision of the Civil Service Law". Additionally and most significantly, the health benefits granted to the district's other employees under the collective bargaining agreement were specifically extended to the school nurse position in the subject letter, an action by the district which would be unexplainable and meaningless if, as reasoned by the majority, the district had already agreed that the school nurse position was to be governed by the previously negotiated collective bargaining agreement. Under these circumstances, the association's argument that there was a clear and unequivocal agreement by the district to arbitrate disputes arising relative to the new school nurse position is plainly untenable, and it cannot be accepted. Accordingly, the requested arbitration should have been stayed and Special Term's denial of the stay should be reversed.