■ In the Matter of the Arbitration between Dobbs Ferry Union Free School District, Respondent, and Dobbs Ferry United Teachers et al., Appellants, et al., Respondent.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County, entered January 11, 1979, which, *inter alia,* directed that a hearing be held to determine whether the parties agreed to submit the grievance to arbitration. Order reversed, on the law, without costs or disbursements, temporary stay vacated, application denied, proceeding dismissed, and the parties are directed to proceed to arbitration. The instant dispute arises under a collective bargaining agreement between the petitioner school district and appellant Dobbs Ferry United Teachers. The agreement provides for a four-step grievance procedure, with specific time limitations fixed for each of the four steps. The final step, arbitration, is available only for "agreement grievances", defined as "differences or grievances which may arise because of an alleged violation, misrepresentation, or inequitable application of the provisions" of the contract. A separate section of the contract, entitled "Time Limits", provides that: "B. No written grievance will be entertained and such grievance will be deemed waived unless the written grievance is forwarded at the first available stage within the 30 working days after the teacher knew or should have known of the act or condition on which the grievance is based." The same section also provides: "C. If a decision at one stage is not appealed to the next stage of the procedure within the time limit specified, the grievance will be deemed to be discontinued and further appeal under this agreement shall be barred." The appellant teachers association has demanded arbitration of two grievances, both of which concern the application of a portion of the contract relating to permitted absences for "personal business". Petitioner has applied for a stay of arbitration, contending that the association has not complied with the grievance procedures outlined in the contract. The petition should be dismissed. Issues concerning compliance with contractual step-by-step grievance procedures must be resolved by the arbitrator, not the courts *(Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 363; *Matter of Triborough Bridge & Tunnel Auth. [District Counsel 37],* 44 NY2d 967, 969; *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599, 607; *Matter of Board of Educ. [Newburgh Teachers' Assn.],* 58 AD2d 636). We cannot agree with the petitioner that the contractual language expressly made compliance with the procedures a condition precedent to arbitration (see *Matter of United Nations Dev. Corp. v Norkin Plumbing Co., supra; Matter of Raisler Corp. [New York City Housing Auth.],* 32 NY2d 274; *Matter of Wilaka Constr. Co. [New York City Housing Auth.],* 17 NY2d 195). While the contract mandates compliance with the time limitations, nothing in the agreement requires that the court, as opposed to the arbitrator, resolve issues which arise when it is alleged that the procedures set out in the contract have not been followed. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.