■  In the Matter of the Arbitration between COUNTY OF ORANGE et al., Appellants and FACULTY ASSOCIATION OF ORANGE COUNTY COMMUNITY COLLEGE, Respondent.—In a proceeding to stay arbitration, petitioners appeal from a judgment of the Supreme Court, Orange County, dated September 17, 1979, which denied the application. Judgment modified, on the law, by adding to the first decretal paragraph thereof, immediately after "article 8", the following: "except that the petition is granted as to the question of the alleged violation of so much of article 6 (E) as incorporates the third and final sentence of the provision in the Orange County Community College Faculty Handbook entitled 'Retrenchment', without prejudice to respondent filing an appropriate demand for arbitration on such question." As so modified, judgment affirmed, without costs or disbursements. The language of the arbitration clause evinces an explicit agreement between the parties to arbitrate grievances concerning the provisions of the Orange County Community College Faculty Handbook referred to in article 6 (E) of the collective bargaining agreement, as well as grievances concerning the past practices of the college referred to in article 8 of the agreement. With respect to petitioners' argument that arbitration is barred by the expiration of the collective bargaining agreement, the mere fact that the abolishment of positions now contested by respondent took effect after the expiration of the collective bargaining agreement does not mean that arbitration of that action of the college is precluded. The decision of the college's board of trustees to eliminate those positions was made long before the agreement expired. This alone would be sufficient to enable respondent to invoke the arbitration clause of the agreement (see *Matter of Board of Educ. v Pearl Riv. Teachers Assn.,* 71 AD2d 654, app dsmd 48 NY2d 830). We note as well that in this case the grievance was not only filed prior to the expiration of the collective bargaining agreement, but also had proceeded through the final administrative stage of the grievance procedure prior to such expiration. However, the alleged failure of the college to offer some or all of the grievants available part-time positions in their instructional areas is a different matter. Respondent has failed to allege the date or dates of these violations. Consequently we cannot intelligently dispose of the issue and arbitration cannot be permitted at this time (see *Board of Educ. v New York State United Teachers,* 71 AD2d 846; see, also, *Board of Educ. v Miller Place Teachers Assn.,* 70 AD2d 944). Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.