■ In the Matter of BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Respondent, v YONKERS FEDERATION OF TEACHERS, Appellant. AMERICAN ARBITRATION ASSOCIATION, Respondent. — Appeal by the Yonkers Federation of Teachers from so much of a judgment of the Supreme Court, Westchester County, entered May 2, 1980, as granted petitioner's application for a stay of arbitration and failed to find that arbitration of the grievance was not barred by the exclusionary language of the arbitration agreement. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, petition dismissed, and the parties are directed to proceed to arbitration. Special Term granted petitioner's application for a stay of arbitration on the basis that the notice of intention to arbitrate failed to amply set forth the matters sought to be arbitrated. The notice set forth those matters as follows: "In September, 1979, a number of elementary teachers were assigned to teach classes of mixed-grade students in violation of 5 different provisions of the contract *** Sections II, B; XV; XX,V;. XX,DD; and XXII." In the arbitration provisions of the parties' collective bargaining agreement, "grievance" is defined to include "any claimed violation, misinterpretation, or inequitable application of the existing Agreement, laws, rules, procedures, regulations, administrative orders, or work rules of the Board or a department thereof". Appellant has based its claim for arbitration on specific provisions of the contract. Where, as here, the arbitration provisions broadly embrace all claimed violations of the agreement, any ambiguity is a matter for the arbitrator to resolve (see *Board of Educ. v New York State United Teachers*, 51 NY2d 994). The notice was sufficient to indicate that arbitration was sought for claimed contractual violations, which were subject to arbitration. Further interpretation should be left to the arbitrator. Mangano, J.P., Rabin, Gulotta and Weinstein, JJ., concur.

■ In the Matter of WANDA HARMON, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated July 31, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to terminate petitioner's grant of assistance in the category of home relief. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner's grant of assistance and to reimburse her for any moneys which may have been withheld. The State commissioner's determination was not supported by substantial evidence in that the petitioner's uncontradicted testimony was not incredible. Margett, J.P., O'Connor, Weinstein and Thompson, JJ., concur.