■ BOARD OF EDUCATION OF CATTARAUGUS CENTRAL SCHOOL, Respondent, v CATTARAUGUS TEACHER'S ASSOCIATION, Appellant. — Order unanimously reversed, without costs, and motion denied. Memorandum: Respondent Cattaraugus Teachers Association (Association) appeals from an order of Special Term which granted the petition of the Board of Education of Cattaraugus Central School (Board) for a stay of arbitration of a grievance filed by Grant N. Feiss, a tenured physical education teacher. Special Term's characterization of the underlying dispute as one involving a "teacher evaluation" and thereby expressly excluded from the grievance procedure outlined in the collective bargaining agreement was erroneous. The matter involves the investigation by school officials of serious charges of incompetence and misconduct against Feiss which eventually led to the filing of charges pursuant to section 3020-a of the Education Law. Even if that interpretation of the merits is disputed, a stay of arbitration is unwarranted. Both the grievance and the demand for arbitration alleged that the Board violated specific sections of the agreement concerning the Board's support of a teacher on questions of discipline and the opportunity for him to respond to complaints registered against him. Violations of those sections are covered under the broad definition of "grievance" in the agreement and, accordingly, are arbitrable. "In determining whether a public employee dispute is arbitrable, a court can only concern itself with two questions, to wit: (1) whether arbitration of the subject matter of the dispute is permissible under the Taylor Law (Civil Service Law, art 14) and is allowable as a matter of public policy; and (2) whether the parties agreed by the terms of their arbitration clause to submit such disputes to arbitration. *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist [United Liverpool Faculty Assn.], 42 NY2d 509, 513, supra.) If it is determined that the arbitration clause is broad enough to encompass the subject matter of the dispute, any question whether a substantive portion of the agreement in issue entitles the grievant to the relief sought is for the arbitrator to decide. (Board of Educ. v Barni, 49 NY2d 311, 314-315.)" (Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348, 355 [emphasis added].)* It was thus improper for Special Term to assess the merits and interpret the dispute as one involving a different section from that listed in the demand (see *Matter of Willink v Webster Teachers Assn.*, 81 AD2d 1008). Respondent Board urges that the order staying arbitration may be sustained on other grounds. The argument that the court could stay arbitration because the grievance was not timely filed under the terms of the collective bargaining agreement is without merit. The agreement lacks any express provision making compliance with the time limitations a condition precedent; the matter is one of procedural arbitrability for the arbitrator *(Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 8; Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.], 35 NY2d 599, 606-607; Matter of Dobbs Ferry Union Free School Dist. [Dobbs Ferry United Teachers], 74 AD2d 924, affd 53 NY2d 1040; Matter of Willink v Webster Teachers Assn., supra; Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn.], 45 AD2d 85, 87).* The Board further

contends that the demand is so lacking in specificity as to preclude a court from ruling on the threshold question of arbitrability or, alternatively, as to fail adequately to inform the Board of the scope of arbitration. The demand lists three specific sections of the collective bargaining agreement and tracks the language of those sections in describing the violations which are the subject of the grievance. Such demand is sufficient to enable a court to rule on arbitrability (see *Board of Educ. v New York State United Teachers,* 51 NY2d 994, revg 71 AD2d 846; *Matter of Board of Educ. v Yonkers Federation of Teachers,* 81 AD2d 585; cf. *Matter of Board of Educ. v Palmyra-Macedon Faculty Assn.,* 78 AD2d 765, 766 [and cases cited therein]). With respect to the Board's ability to prepare for arbitration, there is no provision in the agreement regarding the amount of detail required in a demand for arbitration. The Board processed the grievance through stage 3 unhampered by a lack of specificity. If it now requires more detail, the arbitrator can resolve that issue as incidental to the conduct of the arbitration proceedings (see *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 8, *supra).* Finally, the Board is not entitled to a stay of arbitration on the grounds that it would be against public policy to allow the issue to be arbitrated. There is no bar to simultaneous pursuit of available remedies under the Education Law and the collective bargaining agreement even where the potential exists for contrary determinations (see *Matter of Susquehanna Val. Teachers Assn. [Board of Educ.],* 75 AD2d 140, affd 52 NY2d 1034). "[W]henever there is an arbitrable issue, an arbitrator should be given the opportunity to render a lawful award". *(Matter of Kepp v Springville-Griffith Inst. Cent. School Dist.,* 55 AD2d 1033). (Appeal from order of Cattaraugus Supreme Court, Horey, J. — arbitration.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.