◼ In the Matter of the Arbitration between MARY L. DICKINSON, as Superintendent of Schools of the Homer Central School District, Respondent, and HOMER TEACHERS ASSOCIATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered June 6, 1980 in Cortland

County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties. The Homer Central School District (district) and the Homer Teachers Association (association) entered into a collective bargaining agreement covering the period from July 1, 1977 to June 30, 1979. Article 10 of the contract provided that "[t]he existing teacher-student ratio shall be maintained". Further, the agreement contained a grievance procedure culminating in binding arbitration. On March 13, 1979, the district approved a reduction in the teaching staff of the junior high school. On March 21, 1979, the district notified certain members of the association that their jobs would be terminated as of June 30, 1979. The association filed a grievance on June 20, 1979 and, after the initial stages of the grievance procedure proved to be unproductive, the association demanded binding arbitration. The district commenced a proceeding to stay arbitration and Special Term granted the requested relief. This appeal by the association ensued. We reverse. Article 14 of the Civil Service Law (Taylor Law) has been construed as authorizing parties to a collective bargaining agreement to submit disputes concerning job security to arbitration *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268, 271-272). It has also been held that such a submission is authorized even if job security is not a mandatory subject of collective bargining *(Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 617-618). Moreover, the record indicates that the parties agreed to submit the instant dispute to arbitration. Thus, the two-step analysis to determine whether a particular matter is arbitrable, i.e., whether the subject matter of the arbitration claim is authorized by the Civil Service Law and whether the parties agreed to submit the claim to arbitration, has been met *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). The district's further assertion that the matter is not arbitrable because the termination of the affected teachers on July 1, 1979 occurred after the expiration of the contract is without merit. The duty to arbitrate a dispute arising during the term of a collective bargaining agreement survives the contract *(Hamilton & Co. v American Home Assur. Co,* 21 AD2d 500, 503, affd 15 NY2d 595), particularly where, as here, the effect of a decision involving job security is not felt until after the expiration of the agreement *(Matter of County of Orange [Faculty Assn. of Orange County Community Coll.],* 77 AD2d 894; *Matter of Board of Educ. v Pearl Riv. Teachers Assn.,* 71 AD2d 654, app dsmd 48 NY2d 830). Next, the district's argument that arbitration should be stayed due to the alleged failure of the association to comply with the time limits of the grievance procedure set forth in the agreement is meritless. Where, as here, the arbitration clause is broad and time limitations are not expressly made conditions precedent to arbitration, the question of compliance is for the arbitrator and not the courts *(Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599). Order reversed, on the law, without costs; petition dismissed, and parties directed to proceed to arbitration on the alleged violations of the collective bargaining agreement. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.