■ In the Matter of the Arbitration between Albert Alpert & Sons, Ltd., Respondent, and John Mee, Inc., Appellant. — Judgment denominated an order, of Supreme Court, Special Term, New York County (Ostrau, J.), entered on or about August 14, 1981, granting a permanent stay of arbitration, unanimously reversed, with costs, the petition for a stay denied, and the parties directed to proceed to arbitration. The parties were joint venturers in the construction of low and moderate income housing. The joint venture agreement contained a broad arbitration clause covering "[a]ny controversy or claim arising out of, in connection with, or relating to this agreement, or breach thereof", adding that any demand for arbitration must be made "by certified mail within 3 days of the dispute or disputed occurrence." The agreement provided in substance that profits and losses would be shared equally by the parties, after cost savings were divided on a basis of 75% to respondent and 25% to petitioner. The accounting for the joint venture was approved by the parties in August, 1978, and a distribution of funds was made at that time. The next communication between the parties was in March, 1981, when respondent for the first time disputed the amount of cost savings and demanded arbitration by ordinary mail. Petitioner obtained a temporary stay of arbitration by show cause order on March 26, grounded upon failure to make and serve the demand in accordance with the conditions set forth in the agreement, viz., the mode of service by mail. Meanwhile, respondent proceeded with a new demand for arbitration, this time served by certified mail. A second petition then sought a permanent stay on grounds of defective service of demand for arbitration, failure to demand arbitration within three days of the dispute or disputed occurrence, and the existence of a superseding agreement which allegedly terminated the arbitration clause. Special Term granted a permanent stay of arbitration because the demand was served well beyond the period specified in the agreement for making such a demand, and also because respondent's second demand for arbitration was — even if inadvertently — in violation of the temporary stay of further proceedings imposed in the show cause order in March, 1981. In our view, the show cause order containing the temporary stay of further action or proceedings was not intended to prevent respondent from correcting a mere procedural defect in its demand for arbitration concerning the mode of mailed service (certified as opposed to regular), especially in light of the fact (conceded by petitioner) that respondent's second demand and the show cause order crossed in the mail. Respondent attacks the

three-day time limitation on demand for arbitration as overly vague and unreasonably harsh. More specifically, respondent asserts that the three-day time period was applicable exclusively to disputes or controversies arising from the construction aspect of the joint venture, as opposed to matters involving an accounting. We do not reach the merits of these arguments. Where an agreement contains a broad commercial arbitration clause, as here, contractual time requirements for demanding arbitration constitute a "procedural stipulation", and questions about the consequences of failure or delay in compliance therewith are merely incidental matters for resolution by the arbitrator (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 8-9; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.*, 45 NY2d 358, 363). A time limitation requirement for demanding arbitration is not, in and of itself, a condition precedent to arbitration, noncompliance with which would call for judicial interpretation instead of resolution by the arbitrator (*Matter of Dobbs Ferry Union Free School Dist. [Dobbs Ferry United Teachers]*, 74 AD2d 924, affd 53 NY2d 1040; *Board of Educ. v Cattaraugus Teacher's Assn.*, 84 AD2d 685, affd 55 NY2d 951). Concur — Sandler, J. P., Bloom, Fein, Asch and Milonas, JJ.