■ In the Matter of the Arbitration between GRANVILLE CENTRAL SCHOOL DISTRICT, Appellant, and GRANVILLE NON-INSTRUCTIONAL EMPLOYEE'S ASSOCIATION et al., Respondents.— Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered December 12, 1984 in Washington County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In February 1983, petitioner received several reports from parents that Charles Jay, a school bus driver, had sexually molested young girls riding his bus. A hearing conducted in

accordance with Civil Service Law § 75 was held April 19, 1983; the hearing officer found that the evidence supported the misconduct charges which had been leveled against Jay and recommended his discharge.

Before the hearing, Jay's union, respondent Granville Non-Instructional Employee's Association (hereinafter respondent), in accordance with its collective bargaining agreement with petitioner, had filed a grievance claiming that petitioner lacked "just cause" to discharge Jay. On April 14, 1983, petitioner and respondent agreed in writing that the matter would: "be adjourned pending the disposition of the criminal charges preferred against Mr. Jay. At that time the Association is free to either file or not file for arbitration under the Collective Bargaining Agreement." The last of the criminal charges pending against Jay was dismissed on June 15, 1984. Approximately three weeks later, respondent demanded arbitration of its grievance. Petitioner thereupon commenced this proceeding to permanently stay arbitration. Denial of petitioner's application by Special Term prompted this appeal.

Initially, petitioner urges that Jay's participation in the Civil Service Law § 75 hearing and failure to appeal therefrom pursuant to Civil Service Law § 76 constitutes a waiver of his right to arbitration. This argument would have force were it not for the fact that collective bargaining agreements may supplement or modify an employee's rights under Civil Service Law §§ 75 and 76 (see, Matter of Auburn Police Local 195, Council 82, Am. Fedn. of State, County & Mun. Employees, AFL-CIO v Helsby, 62 AD2d 12, 15-17, affd 46 NY2d 1034). That occurred here, for the collective bargaining agreement affords those believing themselves aggrieved by petitioner's action not only the statutory avenues of review contemplated in section 76, but a further alternative, that of pursuing to resolution by arbitration "just cause" grievances. In this instance, respondent elected the latter remedy on behalf of Jay, doing so before the section 75 hearing commenced. Since a decision to impose discipline was a prerequisite to arbitration, the grievance provisions of the collective bargaining agreement do not supplant, but rather augment, the statutory methods of appeal detailed in Civil Service Law § 76 (see, Matter of Kavoukian v Bethlehem Cent. School Dist., 63 AD2d 767, 768, lv denied 46 NY2d 709). And, inasmuch as petitioner agreed to hold this grievance in abeyance until disposition of the pending criminal charges and, at that time, to permit respondent to choose arbitration, we find its contention that respondent waived its right to arbitration a bit disingenuous.

Nor are we favorably inclined to petitioner's assertion that the doctrine of laches bars arbitration of this dispute. With regard to this contention, it is enough to note that respondent's demand for arbitration was made within three weeks after disposal of the criminal charges.

As for the suggestion that the issuance of a section 75 hearing determination bars arbitration under the doctrine of res judicata, that is an issue for the arbitrator to resolve *(e.g., Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn.,* 63 NY2d 846, 848; *Matter of Board of Educ. [Florida Teachers Assn.],* 104 AD2d 411, 412, *affd* 64 NY2d 822).

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.