■ In the Matter of the Arbitration between CITY SCHOOL DISTRICT OF THE CITY OF ELMIRA, Respondent, and ELMIRA TEACHERS ASSOCIATION, on Behalf of SYLVIA TOMLINSON, Appellant.—Kane, J. P. Appeal (1) from an order of the Supreme Court (Crew, III, J.), entered November 6, 1987 in Chemung County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties, and (2) from the judgment entered thereon.

On June 17, 1985, petitioner charged Sylvia Tomlinson, a tenured teacher employed by petitioner, with insubordination, neglect of duty and conduct unbecoming a teacher. In accordance with the procedures set forth under Education Law § 3020-a, a hearing was held after which Tomlinson was found guilty. A penalty of suspension without pay for one teaching semester was recommended. Dissatisfied with the recommended penalty, petitioner appealed to the Commissioner of Education. By decision dated March 26, 1987, the Commissioner determined the appropriate penalty to be termination. Tomlinson did not appeal the Commissioner's decision, and her services were thereafter terminated.

On April 15, 1987, a grievance was filed on Tomlinson's behalf by respondent, her union representative. The grievance charged that petitioner had violated certain articles of the collective bargaining agreement, including a provision that "no tenured teacher shall be discharged without just cause". The grievance was denied and respondent requested arbitration. As a result, petitioner commenced this proceeding seeking a permanent stay of arbitration. Supreme Court granted the petition and respondent has appealed.

We reverse. Initially, we note that a court may stay arbitration only when the subject matter of the dispute is excluded by the terms of the arbitration agreement or when it is determined that arbitration would violate public policy *(Mineola Union Free School Dist. v Mineola Teachers Assn.,* 46 NY2d 568). In this case, Supreme Court determined that the parties' collective bargaining agreement excluded respondent's grievance from arbitration. The court relied on that portion of the agreement, stating that: "The arbitrator shall have no power or authority to make any decision which requires the commission of an act prohibited by law". In our view, this language does not prohibit arbitration of respondent's grievance. Supreme Court cited *Little Val. Cent. School Dist. v Poole* (99 AD2d 650) to support its conclusion. That case, however, differs in that the collective bargaining agreement at issue therein specifically excluded from its operation matters " 'which law mandated by higher authority requires to be resolved by some other body' " *(supra).* That is a quite different exclusion than the one involved in the instant situation. The language quoted by Supreme Court here simply does not exclude from its operation matters for which a method of review is prescribed by law or by rule or regulation of the Commissioner of Education *(cf., Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521, 525; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 511). Therefore, the agreement itself does not prohibit arbitration.

Having determined that the subject matter of the dispute was within the terms of the agreement to arbitrate, we turn next to the question of whether it would be against public policy to allow the dispute to go to arbitration. We agree with respondent that permitting arbitration in this case does not contravene public policy. Contrary to petitioner's argument, respondent is not attempting to relitigate the decision made by petitioner pursuant to Education Law § 3020-a to terminate Tomlinson's services *(cf., Board of Educ. v Associated Teach-*

*ers*, 30 NY2d 122, 132) or, conversely, to seek statutory review of an alleged breach of a collective bargaining agreement after having exhausted a grievance process on the same issue *(cf., Matter of Board of Educ. v Ambach*, 70 NY2d 501, 505, cert denied — US —, 108 S Ct 1593). The situation currently before us is more akin to that presented in *Matter of Susquehanna Val. Teachers Assn. (Board of Educ.)* (75 AD2d 140, *affd* 52 NY2d 1034). In that case, this court determined that an arbitration commenced by a teachers association pursuant to a collective bargaining agreement's grievance procedure to ascertain whether certain teachers' rights were violated was a separate matter from a proceeding pursuant to CPLR article 78 by one of the teachers to determine if there was substantial evidence to support a finding of a discharge made under the statutory basis provided for by Education Law § 3020-a. We specifically noted that "the issues raised in the proceedings are discrete" *(supra*, at 143). Here, as in *Susquehanna*, respondent could not invoke CPLR article 78 review of Tomlinson's dismissal and arbitration could only be sought by respondent.

The fact that Tomlinson chose not to appeal, in our view, does not bar the grievance. In another similar case, the Court of Appeals specifically stated that: "The ultimate objective of both procedures is the same, of course, but the grounds urged for relief are discrete. The Commissioner of Education has rejected the claim of the teacher based on the provisions of section 2510 of the Education Law. *That claim now appears on the record before us to be concluded*. On the other hand, the grievance now to be arbitrated is expressly predicated only on the provisions of * * * the collective bargaining agreement, a claim not addressed by the Commissioner" *(Matter of City School Dist. [Poughkeepsie Pub. School Teachers Assn.]*, 35 NY2d 599, 606 [emphasis supplied]). Likewise, in this case, the statutory proceeding has been concluded. However, the grievance procedure is specifically based on that portion of the agreement precluding dismissal without "just cause". Therefore, the issues are not identical and there is no bar to proceeding with arbitration *(see, Matter of Granville Cent. School Dist. [Granville Non-Instructional Employee's Assn.]*, 114 AD2d 626, 627). Although the arbitration may result in a different determination than the statutory proceeding, that is not sufficient to warrant a stay *(see, Matter of Board of Educ. v Auburn Teachers Assn.*, 115 AD2d 296, 297). Furthermore, while the collective bargaining agreement may have exposed the parties to duplicative procedures, that does not negate arbitrability *(see, Matter of Susquehanna Val. Teachers Assn. [Board of Educ.]*, supra, at 143-144).

Order and judgment reversed, on the law, without costs, and petition dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.