OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition to stay arbitration denied.
Respondent, Watertown Education Association, sought arbitration alleging that petitioner, the Board of Education of the Watertown City School District, had violated exhibit B of the *913 parties’ collective bargaining agreement (salary schedule) by failing to distribute moneys received by petitioner, pursuant to Education Law § 3602 (27), to one of respondent’s members. Specifically, respondent alleged that these funds (EIT funds) were part of the teacher’s salary for the school year and that a dispute concerning such moneys was subject to arbitration under the parties’ collective bargaining agreement. Petitioner responded by commencing this proceeding under CPLR 7503 to stay arbitration and vacate respondent’s demand on the ground that the parties’ "Excellence in Teaching” moneys agreement (EIT agreement) is separate and distinct from the parties’ collective bargaining agreement, and that disputes pertaining to EIT funds are not subject to arbitration. Supreme Court vacated the demand for arbitration and granted the petition staying arbitration, concluding that the labor dispute between petitioner and respondent was not arbitrable.
If it is determined that the arbitration clause is broad enough to encompass the subject matter of the dispute, "[t]he question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator” (Board of Educ. v Barni, 49 NY2d 311, 314; see, Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348, 355; Board of Educ. v Cattaraugus Teachers’Assn., 84 AD2d 685, affd 55 NY2d 951). In addition, CPLR 7501 specifically prohibits a court from "considering] whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute” (see, Mineola Union Free School Dist. v Mineola Teachers Assn., 46 NY2d 568, 572).
Applying these rules, we conclude that the parties’ agreement to arbitrate is clear and unequivocal, and that if there exists some dispute as to the coverage of the substantive provisions of the contract, this dispute is for the arbitrator to resolve (see, Board of Educ. v Barni, supra, at 314-315; Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 NY2d 669, 671). Article XV of the collective bargaining agreement at issue contains a broad arbitration clause which defines an arbitrable "grievance” to include — "[A] claim by any party to the contract that there has been a violation, misinterpretation or misapplication of: (a) law; (b) the employment contract; (c) by-laws and written policies or any unilateral attempt to change the terms and conditions of employment.” By focusing solely on the separate terms of the EIT *914 agreement, instead of simply resolving whether the dispute fell within the scope of the arbitration provision of the collective bargaining agreement, Supreme Court improperly injected itself into the determination of the underlying merits of this arbitrable contract dispute (see, Mineola Union Free School Dist. v Mineola Teachers Assn., supra, at 572).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.