■ In the Matter of the Arbitration between COUNTY OF DUTCHESS, Respondent, and DUTCHESS COUNTY EMPLOYEES UNIT, CIVIL SERVICE EMPLOYEES ASSOCIATION, on Behalf of LESLIE DAVIES, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered January 17, 1990 in Dutchess County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

This proceeding arises out of a demand for arbitration served upon petitioner by respondent on behalf of Leslie Davies, an employee of petitioner, alleging that Davies, as a probation officer trainee, was not receiving the proper amount of salary. Notably, in February 1987, titles of the probation department were reclassified and reallocated following a department-wide classification that was approved by the Legislature by resolution and budget amendment. On March 23, 1987, petitioner and respondent entered into a stipulation of agreement which chiefly sought to address and correct certain problems that occurred with respect to increment and longevity awards for trainees because of the reclassification of these positions. Although the stipulation does not explicitly state this, petitioner alleges that the stipulation by its terms clearly reflected the intent to change trainees from flat salaries to grade salaries entitled to increments and longevities. In an apparent attempt to clarify the matter, petitioner's Director of Employee Relations sent out a memorandum dated July 7, 1987 which principally stated that, consistent with petitioner's other trainee jobs, the title of probation officer trainee would be allocated to a grade 14 rather than the flat grade 15 (minus one increment) that was designated as the salary for that position in the parties' collective bargaining agreement. Although a copy of this memorandum was sent to respondent, apparently no objection was made. The recommendation of the personnel department was adopted through the 1988 budget process and the title of probation officer trainee was reallocated to a grade 14, step 1.

Thereafter, on March 27, 1989 Davies was promoted to probation officer trainee at a salary grade 14, step 1, even though she had apparently been promised at the time of her promotion that she would be paid at the grade 15, step 1 (minus one increment) rate. A grievance was filed on Davies' behalf which was denied throughout the internal grievance procedure. Following respondent's demand for arbitration, petitioner commenced this proceeding for a permanent stay of arbitration arguing that the demand for arbitration was improper because the dispute at issue here does not fall within the definition of a grievance as provided by the parties' collective bargaining agreement. Supreme Court granted the petition on the merits and this appeal followed.

We affirm. It is well settled that a court may properly stay arbitration when the disputed subject matter is excluded by the terms of the arbitration agreement (see, Matter of City School Dist. [Elmira Teachers Assn.], 144 AD2d 762, 763, lv

*denied* 73 NY2d 707; *see also, Mineola Union Free School Dist. v Mineola Teachers Assn.,* 46 NY2d 568). Here, although article XI of the parties' collective bargaining agreement provides for the arbitration of grievances, issues of reallocation and reclassification are specifically excluded from the definition of the term "grievance" under article XI, section 1 (b) of the agreement. Respondent argues, however, that the instant grievance is not a dispute over reclassification but rather a dispute over the intent of the March 1987 memorandum and whether petitioner's interpretation of that memorandum violated the express terms of the collective bargaining agreement.

We cannot agree with respondent's contentions. Article XIV, section 1 (b) (2) of the collective bargaining agreement defines reallocation as "the *process* of assigning an existing Class Title to another salary range in order to effect more equitable and appropriate payment" (emphasis supplied). Article XIV, section 2 (c) reserves petitioner's right "to reclassify or reallocate any title, subject to Legislative approval, if required, *and notwithstanding any other provision of this Agreement*" (emphasis supplied). Pursuant to article XIV, section 2 (e), petitioner's Commissioner of Personnel may consider, but is not bound by, any recommendation of respondent. The process of reallocation commenced here with the study performed by petitioner and included the March 1987 stipulation, July 1987 memorandum and the implementation of the reallocations by the Legislature in the 1988 and 1989 budget processes. Despite respondent's contentions otherwise, the grievance here does not simply challenge a memorandum and stipulation. The issue disputed is the reallocation of the title of probation officer trainee from a grade 15, step 1 (minus one increment) to a grade 14, step 1 and the process by which such reallocation was effected. Because this is clearly a subject not arbitrable under the terms of the collective bargaining agreement, a stay of arbitration was appropriate. Notably, article XIV, sections 3 and 4 of the agreement specifically provide for the review and appeal (but not arbitration) of any dispute concerning an allocation or classification decision by petitioner.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.