OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, with costs to the Wyandanch Teachers Association, to the extent of denying a stay of arbitration as to both grievances.
 

 As this court recently has indicated, public policy may not be invoked in every instance where arbitration of a collective bargaining agreement threatens to encroach upon the management prerogatives of a school board
 
 (Mineola Union Free School Dist. v Mineola Teachers Assn.,
 
 46 NY2d 568, 571;
 
 Matter of Port Jefferson Sta. Teachers Assn., v Brookhaven-Comsewogue Union Free School Dist.,
 
 45 NY2d 898, 899). Thus, the Appellate Division properly refused to stay arbitration of the first grievance in the demand dated November 14, 1977, which relates to the board’s alleged
 
 *671
 
 failure to submit a change in educational policy to an advisory professional council for its recommendations
 
 (Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist., supra,
 
 at p 899).
 

 The Appellate Division erred, however, by staying arbitration of the third grievance in the demand dated November 23, 1977. In that claim, the association averred that certain duties were imposed upon teachers in contravention of article III (subd E, par [1]) of the collective bargaining agreement. The board resists arbitration, contending that the dispute is without the ambit of the arbitration clause. Inasmuch as the clause triggering arbitration is unambiguous, extending to all controversies "affecting the meaning, interpretation or application of’ the agreement, and the association’s grievance is premised upon a specific provision of the contract, we must conclude that the parties agreed to refer their differences in this area to arbitration
 
 (Mineola Union Free School Dist. v Mineola Teachers Assn., supra,
 
 at p 572;
 
 Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],.
 
 42 NY2d 509, 513-514). That the substantive provisions of the contract which are the subject of the grievance may be ambiguous does not serve to bar arbitration. It is a function of the arbitrator, and not the courts, to resolve any uncertainty as to those substantive rights and obligations of the parties.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order modified, with costs to Wyandanch Teachers Association, in accordance with the memorandum herein and, as so modified, affirmed.