■ In the Matter of County of Albany et al., Appellants, v AFSCME, N. Y. Council 82, Albany County Local 775, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 30, 1981 in Albany County, which denied petitioners' application for a stay of arbitration. Petitioners and respondent entered into a collective bargaining agreement which provides in section 4 of article 18 that should a disagreement arise between the employer's physician and an employee's physician over the physical fitness of the employee to continue in his job duties, then a third physician, selected by the employer, shall make the "final determination". This agreement also provides for the arbitration of all disputes "concerning the meaning, application and/or interpretation of the agreement". Pursuant to section 4 of article 18, a member of respondent union was examined by a third physician and thereafter terminated on the ground that he was medically unfit to perform his job duties. A grievance was filed alleging violations of several articles of the bargaining agreement, including section 4 of article 18, and following denial of the grievance respondent filed a demand for arbitration. Petitioners commenced the present proceeding seeking a stay of arbitration. Special Term denied the application and this appeal ensued. A stay in the instant case would be proper only if the issue fell outside the contract's arbitration provisions or if arbitration would violate public policy (*Matter of Board of Educ. v West Babylon Teachers Assn.,* 52 NY2d 1002). It is not argued by petitioners that arbitration would violate public policy. It is urged by petitioners, however, that disputes arising out of section 4 of article 18 of the agreement were not intended to be referred to arbitration and, therefore, the issue falls outside the contract's arbitration provisions. Petitioners rely on the fact that the section in question makes the third physician's determination the "final determination". The issue thus involves interpretation of a substantial provision of the contract, and considering the broad, unambiguous arbitration clause in the agreement, we conclude that the matter should proceed to arbitration (*Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011; *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669). Petitioners' reliance on *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509) is misplaced as in that case the arbitration clause in question was a limited one not unambiguously applicable to the particular dispute. Consequently, Special Term properly denied petitioners' application for a stay of arbitration and the order must be affirmed. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

■ Harry Koshgarian et al., Respondents, v American Manufacturers Mutual Insurance Company, Appellant, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 18, 1981 in Albany County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with costs, on the opinion of Mr. Justice Edward S. Conway at Special Term. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.