■ In the Matter of BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Appellant, v CENTRAL COUNCIL OF TEACHERS, Respondent. — In a proceeding pursuant to CPLR article 75 to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), dated May 25, 1982, which denied its application. Judgment affirmed, with costs. The parties shall proceed to arbitration forthwith. Petitioner and respondent entered into a collective bargaining agreement which provided in section 1.3 of article 4 for payment of accumulated unused sick leave upon the retirement or death of employees hired on or before June 30, 1980. The agreement also provided, in section 3.1 of article 7, for arbitration of all grievances, which were to be "submitted by either party to arbitration". A "party" was defined by section 1.4 of article 7 as either the "Board of Cooperative Educational Services" (petitioner) or "the Council" (respondent). A "type A" grievance was defined in section 1.1 of article 7 of the agreement as "any claim, grievance or dispute arising out of or relating to the meaning, interpretation or application of this agreement", except for matters prohibited by statute or regulation, denial of tenure or the discharge of an employee, the disciplining of an employee, or tenure determinations. A "grievant" was defined in section 1.3 of article 7 of the agreement as "an employee, a group of employees, the Council, or the Board". One of respondent council's members was denied payment for accumulated unused sick leave. A grievance was filed demanding payment for the sick leave, and, following denial of the grievance, respondent filed a demand for arbitration. Petitioner commenced the present proceeding seeking a stay of arbitration, which Special Term denied. A stay in the instant case would be proper only if the issue fell outside the contract's arbitration provisions or if arbitration would violate public policy (*Matter of Board of Educ. v West Babylon Teachers Assn.,* 52 NY2d 1002). Petitioner does not argue that arbitration would violate public policy. However, it claims that since the employee, Richard Kresse, retired prior to the filing of the grievance, he cannot be a grievant according to the agreement, and therefore, the dispute is not arbitrable. The issue of a retired employee's right to payment of accumulated unused sick leave under the agreement involves interpretation of the substantive terms of the contract, which is for the arbitrator, not the court to decide. When the arbitration clause is broad and unambiguous, and clearly authorizes reference of the dispute in question to arbitration, as in the case at bar, a stay should not be granted and the parties should proceed to arbitration (*Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011; *Board of Educ. v Barni,* 49 NY2d 311; *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669, 671; *Matter of Nyack Bd. of Educ. [Nyack Teachers Assn.],* 84 AD2d 580; *Board of Educ. v Cattaraugus Teacher's Assn.,* 84 AD2d 685). Petitioner's reliance on *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509) is misplaced. In that case, the arbitration clause was a limited one not unambiguously applicable to the particular dispute there in issue. In fact, the

arbitration clause in the case at bar meets the two-step test established in *Liverpool* to determine whether there was a valid agreement to arbitrate. First, nothing in the Taylor Law (Civil Service Law, § 200 *et seq.*) or decisional law precludes the parties from referring disputes of the present nature to arbitration. Second, the broad arbitration clause authorizing arbitration of all grievances clearly encompasses the dispute in question. It is undisputed that the grievance is a "type A" grievance as defined in the agreement and does not fall within any of the exceptions to the definition of a grievance. Therefore, arbitration should not be stayed in this case. Petitioner's argument that the employee cannot be a grievant because he was no longer an employee when the grievance was initially filed is without merit. Under the agreement, only a "party", which is defined as either petitioner or respondent, may demand arbitration. Therefore, whether or not the employee had previously retired, respondent was the only party, under the circumstances, which could demand arbitration. Furthermore, the form on which the original grievance was filed listed "Judy Bender, Vice-President in Charge of Grievance, Central Council of Teachers" as the party bringing the grievance, and all correspondence denying the grievance was addressed and sent to Ms. Bender at respondent's address. Therefore, although Richard Kresse was the employee affected by the denial of the claim, respondent was actually the grievant. Consequently, Special Term properly denied petitioner's application for a stay of arbitration. Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.