■ In the Matter of the Arbitration between CITY OF GLOVERSVILLE, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. [620 NYS2d 599] —White, J. Appeal from

an order of the Supreme Court (Best, J.), entered March 25, 1994 in Fulton County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On October 5, 1991, Melvin Morey resigned from his job in petitioner's Department of Public Works. Thereafter, on June 25, 1993, he wrote petitioner's Mayor seeking payment for accrued but unused sick time purportedly due him under the terms of the collective bargaining agreement between petitioner and respondent. Next, respondent filed a class-action grievance alleging that petitioner violated the collective bargaining agreement and seeking as a remedy a lump-sum payment to Morey for all of his unused sick time. The Mayor refused to consider the grievance, claiming that Morey had no standing to pursue it since he was not an employee. Respondent then served a demand for arbitration upon petitioner which sought a stay. Supreme Court denied the application, prompting this appeal by petitioner.

To determine whether petitioner is entitled to a stay of arbitration, we must first consider whether there is a valid agreement to arbitrate this dispute (see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513). This involves a two-pronged analysis; first, it must be determined whether the arbitration of the subject matter of the dispute is authorized by the terms of the Taylor Law (Civil Service Law ·§ 200 et seq.) and, if it is, it must then be ascertained if the parties agreed by the terms of the collective bargaining agreement to submit this dispute to arbitration (id.).

Petitioner's central thesis is that Morey's status as a former employee precludes arbitration since there is no authority under the Taylor Law to settle grievances submitted by an individual who is not a current public employee. Petitioner's argument is misplaced since the subject grievance pertains to rights Morey allegedly acquired under the terms of the collective bargaining agreement in effect while he was a public employee and a member of the bargaining unit represented by respondent. Indeed, under such circumstances, Morey is relegated to the arbitral forum (see, Matter of Board of Educ. v Ambach, 70 NY2d 501, 508, cert denied sub nom. Margolin v Board of Educ., 485 US 1034). Moreover, the resolution of this type of dispute by arbitration is in accord with the public policy of this State (see, Matter of Board of Educ. v Yonkers Fedn. of Teachers, 40 NY2d 268, 273). Thus, we conclude that

the arbitration of this dispute is permissible under the Taylor Law *(see, Matter of Board of Coop. Educ. Servs. v Central Council of Teachers,* 96 AD2d 598).

Turning to the second inquiry, the parties' collective bargaining agreement defines a "grievance" as "[a]ny claimed violation, misinterpretation, inequitable application, or noncompliance with the provisions of this Agreement" and makes the grievance procedure available to an employee who is defined as "[a]ny person(s) covered by this Agreement as provided for under Article II". That article defines the bargaining unit as being comprised of employees holding certain enumerated job titles. Petitioner maintains that, since a former employee does not have a job title, Morey cannot be a grievant because he does not fall within the agreement's definition of an employee.

Inasmuch as the resolution of this issue requires an interpretation of the substantive provisions of the agreement, and in view of the broad definition of "grievance" triggering arbitration, we conclude that this matter should proceed to arbitration since it is the function of the arbitrator, rather than the courts, to resolve the substantive rights and obligations of the parties *(see, Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669, 671).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.