■ In the Matter of JOHN K. HOPKINS, Appellant, v GEORGE J. GOVERNALE, as General Manager of the Staten Island Rapid Transit Operating Authority, et al., Respondents. [634 NYS2d 526] —In a proceeding pursuant to CPLR article 78 to review a determination of the General Manager of the Staten Island Rapid Transit Operating Authority dated February 4, 1994, denying the petitioner's application to be reinstated to the position of General Superintendent of Police, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), dated July 8, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On or about July 27, 1993, the petitioner, formerly the General Superintendent of the Staten Island Rapid Transit Operating Authority (hereinafter SIRTOA) Police Department, was informed by the General Manager of SIRTOA that disciplinary charges would be brought against him in connection with an investigation by the Inspector General of the Metropolitan Transportation Authority (hereinafter the Inspector General). On August 4, 1993, the petitioner resigned from his position.

In a letter dated December 3, 1993, the petitioner requested that he be reinstated to his former position. In a letter dated February 4, 1994, the respondent George Governale, the General Manager of SIRTOA, denied the petitioner's request, citing SIRTOA's long-standing policy that all resignations are final. On March 29, 1994, the petitioner commenced the present proceeding pursuant to CPLR article 78, *inter alia,* to annul SIRTOA's denial of his application for reinstatement and to reinstate him to his position effective August 4, 1993.

The Supreme Court dismissed the petition as untimely, stating that the four-month Statute of Limitations applicable to CPLR article 78 proceedings began to run on the date of the petitioner's resignation. The petitioner appeals.

The Supreme Court incorrectly determined that the petition was untimely. The petitioner's time within which to bring this proceeding commenced when he received notice of SIRTOA's denial of his application for reinstatement *(see, Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834; *Matter of Edelman v Axelrod,* 111 AD2d 468, 469).

Nevertheless, the petition should be dismissed. Review of the record establishes, as a matter of law, that the petitioner's resignation was not coerced. It is well settled that a threat to do that which one has the legal right to do does not constitute duress *(Matter of Rychlick v Coughlin,* 99 AD2d 863, 864, *affd* 63 NY2d 643; *see, Matter of Cacchioli v Hoberman,* 31 NY2d 287, 292 [Jasen, J., concurring]). The petitioner alleged that he resigned after being told that disciplinary charges would be brought against him. "[A] person's resignation may not be considered to be obtained under duress unless the employer threatened to take action which it had no right to take" *(Matter of Cacchioli v Hoberman, supra).* In light of the Inspector General's report, SIRTOA's threat to bring disciplinary charges against the petitioner did not constitute duress *(Matter of Rychlick v Coughlin, supra).* Moreover, SIRTOA's refusal to reinstate the petitioner was not arbitrary and capricious or an abuse of discretion *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-231). Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.