which represents teachers pursuant to a collective bargaining agreement with the appellant Board of Education of the Plainedge Union Free School District. The union sought arbitration alleging that the Board violated Article XI of parties' collective bargaining agreement by increasing the class size to a number of students greater than what was permitted by the Board's policy.

The union based its demand for arbitration of the dispute on an arbitration clause contained within the collective bargaining agreement. In response, the Board brought this proceeding for a stay of arbitration on the ground that no valid agreement to arbitrate this particular dispute existed.

Article XI of the collective bargaining agreement provides as follows: "It is expressly understood and agreed that the Board reserves exclusively to itself the right to cancel, amend, change, modify, or revise any and all existing rules, regulations, orders, and policies, and/or to institute or adopt new rules, regulations, orders and policies, on any and all matters and subjects that do not substantially affect the wages, hours, or terms and conditions of employment of the teaching staff".

Where the parties' agreement to arbitrate is clear and unequivocal, and the dispute concerns the coverage of the substantive provisions of the contract, the dispute is for the arbitrator to resolve (see, Matter of Board of Educ. v Watertown Educ. Assn., 74 NY2d 912, 913; Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 NY2d 669, 671).

Under Article IX of the collective bargaining agreement, the parties agreed to submit to arbitration "any dispute between the parties hereto with respect to the meaning or interpretation of any provision of this Agreement". The parties have clearly expressed their unequivocal agreement to submit to arbitration disputes concerning the interpretation and application of any provision of the collective bargaining agreement. Whether Article XI of the agreement should be interpreted to include in its scope the increase of class size beyond that permitted by the Board's policy is an issue to be resolved by arbitration and not by the courts (see, Matter of Board of Educ. v Watertown Educ. Assn., supra, at 913; Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., supra, at 671).

Accordingly, the Supreme Court properly denied the Board's application to stay arbitration. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.

■ In the Matter of BOARD OF EDUCATION OF PLAINEDGE UNION FREE SCHOOL DISTRICT, Appellant, v PLAINEDGE FEDERA-

The facts of this case are set forth in the companion case of *Matter of Board of Educ. v Plainedge Fedn. of Teachers* (228 AD2d 589 [decided herewith]). The respondent Plainedge Federation of Teachers is a union which represents teachers pursuant to a collective bargaining agreement with the appellant Board of Education of the Plainedge Union Free School District. The union sought arbitration based on a dispute between it and the Board, in which the union alleged that the Board violated the collective bargaining agreement by the latter's failure to maintain the public address and intercom system.

The Supreme Court properly denied the Board's application to stay arbitration. Where the parties' agreement to arbitrate is clear and unequivocal, as it is here, and the dispute concerns the coverage of the substantive provisions of the contract, the dispute is for the arbitrator to resolve *(see, Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912, 913; *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669, 671). Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.

In the Matter of CANTOR FITZGERALD, L. P., Respondent. KENNETH I. GINSBERG, Appellant. [645 NYS2d 36]

Because the primary issue before the Supreme Court was whether the original limited partnership agreement, which contained a broad arbitration clause, had been superseded by a restated agreement which deleted that clause, the court properly found that a determination of that issue should be made by the court, and not an arbitrator (see, *Matter of Cassone,* 63 NY2d 756, 759; *Matter of Fener Realty Co. [NICO Constr.],* 182 AD2d 436, 437-438). The appellant's contention that he was no longer a limited partner of the petitioner limited partnership at the time the restated limited partnership agreement became effective is without merit. Neither the original