■ In the Matter of the Arbitration between CARL P. MAN-GEE, as Superintendent of Schools of City School District of City of Auburn, et al., Respondents, and LUCILLE MAMORELLA, Appellant. [659 NYS2d 653] —Order unanimously reversed on the law without costs, petition denied and cross motion granted. Memorandum: Supreme Court erred in granting the petition for a stay of arbitration of respondent's grievance (*see,* CPLR 7503 [b]). The issues whether respondent has stated a grievance as that term is defined in the collective bargaining agreement, whether her grievance has merit, and whether her notice of intention to arbitrate is defective are for the arbitrator to resolve (*see, Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912, 913; *Matter of City of Gloversville [Civil Serv. Empls. Assn.],* 210 AD2d 851, *lv denied* 86 NY2d 702; *Matter of Board of Educ. [Gowanda Cent. School Non-Teaching Personnel Assn.],* 202 AD2d 1048).

We reject petitioners' contention that the grievance is moot because respondent has retired. A resignation under coercion or duress is not a voluntary act and may be nullified (*Matter of Gould v Board of Educ.,* 81 NY2d 446, 451). The record establishes that respondent resigned to avoid termination, which would have decreased her retirement benefits. Under the circumstances, her retirement was involuntary (*see, Matter of Marland v Ambach,* 79 AD2d 48, *affd* 59 NY2d 711) and thus not a bar to arbitration of her grievance. Petitioners' reliance on *Matter of Girard v Board of Educ.* (168 AD2d 183) is misplaced. The petitioner in that case had seniority rights that would have entitled her to another position, and thus she was not forced to choose between resignation and termination of employment. Here, petitioners do not contend that respondent had seniority rights entitling her to another position. (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Arbitration.) Present—Denman, P. J., Pine, Callahan, Boehm and Fallon, JJ.