■ In the Matter of ROBERT LEWIS, Appellant, v STATE UNIVERSITY OF NEW YORK DOWNSTATE MEDICAL CENTER et al., Respondents. [826 NYS2d 722]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the State University of New York Downstate Medical Center, dated September 27, 2004, denying the petitioner's request to be reinstated to the position of State University Police Officer, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Saitta, J.), dated July 7, 2005, which, in effect, granted the respondents' cross motion to dismiss the proceeding as time-barred and dismissed the proceeding, and (2) an order of the same court dated February 21, 2006 which denied his motion for leave to reargue.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting those branches of the cross motion which were to dismiss the claims relating to the petitioner's request to be reinstated to the position of State University Police Officer and substituting therefor a provision denying those branches of the cross motion and (2) deleting the provision thereof dismissing those claims; as so modified, the order and judgment is affirmed; and it is further,

Ordered that the respondents' time to answer the petition is extended until 14 days after service upon them of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The Supreme Court erred in granting those branches of the cross motion which were to dismiss the claims in the petition relating to the petitioner's request to be reinstated to the position of State University Police Officer. The petitioner's time within which to bring those claims commenced when he received notice from the State University of New York Downstate Medical Center that his request for reinstatement was denied (*see Matter of Hopkins v Governale*, 222 AD2d 435, 436 [1995]). Inasmuch as the instant proceeding was commenced within four months of that date, such claims were not barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]).

However, the Supreme Court properly dismissed as untimely the claims relating to the petitioner's resignation as a State University Police Officer. The statute of limitations with regard to those claims accrued on the date of the petitioner's resignation (*see Matter of Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 279 AD2d 582 [2001]; *Matter of Hanslmaier v Wehr*, 199 AD2d 754 [1993]). Thus, those claims were time-barred. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.