■ In the Matter of DANIEL S. REO, Appellant, v VILLAGE OF LAWRENCE et al., Respondents. [962 NYS2d 689]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the Village of Lawrence and the Nassau County Civil Service Commission to reinstate the petitioner to his employment, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered October 3, 2011, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioner, an employee of the Village of Lawrence since 2004, held two approved Civil Service titles. He held the title of laborer from 2004 until 2007, when he became a sewer plant attendant. He held the title of sewer plant attendant from 2007 until 2009, when he attempted to assume his former position as laborer. In 2009, because his position of laborer was now a new position, the Village was required to secure approval of that position from the Nassau County Civil Service Commission (hereinafter the Commission) pursuant to Civil Service Law § 22. In a letter dated December 6, 2010, the Commission demanded assurances from the Village before granting approval that the petitioner would only be performing duties appropriate for the laborer title. The Village decided not to give those assurances to the Commission, and terminated the petitioner's employment on January 7, 2011. On April 15, 2011, the petitioner commenced this proceeding, inter alia, to compel his reinstatement. The Supreme Court denied the petition and dismissed the proceeding.

The petitioner's challenges to the validity of his resignations in 2007 and 2009 were barred by the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78 (*see Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr.*, 35 AD3d 862, 863 [2006]; *Matter of Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 279 AD2d 582 [2001]; *Matter of Hanslmaier v Wehr*, 199 AD2d 754 [1993]). Further, the termination of the petitioner's employment in the new position of laborer was not arbitrary and capricious or affected by an error of law (*see* Civil Service Law §§ 22, 61 [2]).

The petitioner's remaining contentions are without merit or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.