# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

503
CA 12-01355
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF CHARLES MEIER,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

BOARD OF EDUCATION LEWISTON PORTER CENTRAL
SCHOOL DISTRICT, RESPONDENT-APPELLANT.

---

WEBSTER SZANYI LLP, BUFFALO (KEVIN A. SZYANI OF COUNSEL), FOR
RESPONDENT-APPELLANT.

WATSON BENNETT COLLIGAN & SCHECHTER, LLP, BUFFALO (CAROLYN NUGENT
GORCZYNSKI OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Niagara County (Catherine Nugent Panepinto, J.),
entered March 21, 2012 in a proceeding pursuant to CPLR article 78.
The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Supreme Court, Niagara County, for further proceedings in
accordance with the following Memorandum:  Respondent appeals from a
judgment granting the petition in this CPLR article 78 proceeding.
Supreme Court determined that the resignation of petitioner, a tenured
teacher formerly employed by respondent, "was involuntarily submitted
as a result of fraud, coercion and duress" and directed his
reinstatement with back pay and benefits.  We agree with respondent
that the court erred in granting relief to petitioner based solely on
the papers before it.  "A resignation under coercion or duress is not
a voluntary act and may be nullified" (*Matter of Mangee [Mamorella]*,
239 AD2d 892, 892; *see Matter of Gould v Board of Educ. of Sewanhaka
Cent. High Sch. Dist.*, 81 NY2d 446, 451).  However, "it has
consistently been held that a threat to do that which one has the
legal right to do does not constitute duress" (*Matter of Rychlick v
Coughlin*, 99 AD2d 863, 864, *affd for reasons stated* 63 NY2d 643; *see
Matter of Hopkins v Governale*, 222 AD2d 435, 436).  Thus, " '[a]
person's resignation may not be considered to be obtained under duress
unless the employer threatened to take action which it had no right to
take' " (*Hopkins*, 222 AD2d at 436).  Moreover, although "in
appropriate circumstances . . . a tenured teacher may, as part of a
stipulation in settlement of a disciplinary proceeding brought against
him [or her], waive his or her continued right to the protections
afforded by section 3020-a of the Education Law" (*Matter of Abramovich*

*v Board of Educ. of Cent. Sch. Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 452, *rearg denied* 46 NY2d 1076, *cert denied* 444 US 845), it is also the case that such settlements must be voluntarily and knowingly made and may not be " 'lightly, inadvertently, inadvisedly or improvidently' entered into" (*id*. at 456).  We conclude on this record that the court should have conducted a trial pursuant to CPLR 7804 (h) "to resolve the factual issue raised by the pleadings and affidavits concerning petitioner's allegations of duress, and to make appropriate findings of fact before proceeding any further" (*Matter of Cacchioli v Hoberman*, 31 NY2d 287, 291).  We therefore reverse the judgment and remit the matter to Supreme Court for that purpose.

Entered:  May 3, 2013                              Frances E. Cafarell
                                                   Clerk of the Court