Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Catherine Nugent Panepinto, J.), entered March 21, 2012 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Respondent appeals from a judgment granting the petition in this CPLR article 78 proceeding. Supreme Court determined that the resignation of petitioner, a tenured teacher formerly employed by respondent, “was involuntarily submitted as a result of fraud, coercion and duress” and directed his reinstatement with back pay and benefits. We agree with respondent that the court erred in granting relief to petitioner based solely on the papers before it. “A resignation under coercion or duress *1532 is not a voluntary act and may be nullified” (Matter of Mangee [Mamorella], 239 AD2d 892, 892 [1997]; see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 451 [1993]). However, “it has consistently been held that a threat to do that which one has the legal right to do does not constitute duress” (Matter of Rychlick v Coughlin, 99 AD2d 863, 864 [1984], affd for reasons stated 63 NY2d 643 [1984]; see Matter of Hopkins v Governale, 222 AD2d 435, 436 [1995]). Thus, “ £[a] person’s resignation may not be considered to be obtained under duress unless the employer threatened to take action which it had no right to take’ ” (Hopkins, 222 AD2d at 436). Moreover, although “in appropriate circumstances ... a tenured teacher may, as part of a stipulation in settlement of a disciplinary proceeding brought against him [or her], waive his or her continued right to the protections afforded by section 3020-a of the Education Law” (Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown, 46 NY2d 450, 452 [1979], rearg denied 46 NY2d 1076 [1979], cert denied 444 US 845 [1979]), it is also the case that such settlements must be voluntarily and knowingly made and may not be “ Tightly, inadvertently, inadvisedly or improvidently’ entered into” (id. at 456). We conclude on this record that the court should have conducted a trial pursuant to CPLR 7804 (h) “to resolve the factual issue raised by the pleadings and affidavits concerning petitioner’s allegations of duress, and to make appropriate findings of fact before proceeding any further” (Matter of Cacchioli v Hoberman, 31 NY2d 287, 291 [1972]). We therefore reverse the judgment and remit the matter to Supreme Court for that purpose. Present—Scudder, PJ., Centra, Garni, Sconiers and Martoche, JJ.